**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-00812-O** |
| | § | |
| **ARLINGTON MEDICAL INSTITUTE INC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## OPINION AND ORDER

Before the Court is Plaintiff's Unopposed Motion for Default Judgment as to Defendant Arlington Medical Institute Inc. (ECF No. 9). After considering the Motion, pleadings, and applicable law, the Court finds that Plaintiff's Motion for Default Judgment as to Defendant Arlington Medical Institute Inc. (ECF No. 9) should be, and is hereby, **GRANTED**.

### I. BACKGROUND[1]

On July 1, 2026, United States of America ("Plaintiff") filed a complaint in the United States District Court for the Northern District of Texas, Fort Worth Division, to recover unpaid federal student loan reimbursements from Arlington Medical Institute Inc. ("Defendant"). Defendant owned a school that closed on or about February 10, 2017. Some students who had previously attended the school were granted federal student loans under Title IV of the Higher Education Act. After the school closed, the Secretary of the Department of Education ("the Department") evaluated whether any of the students with federal student loans were eligible to have their loans discharged—meaning paid off—by the Department. According to the

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's Complaint against Arlington Medical Institute Inc. *See* Pl.'s Compl., ECF No. 1.

requirements specified in 34 C.F.R. § 685.214(c)(3) (2021) (the "Department's Closed School Regulation"), to be eligible the students had to have been enrolled in Defendant's school when it closed and not have enrolled in any other Title-IV eligible school in the three following years. 34 C.F.R. § 685.214(c)(3) (2021). The Department determined that six students' loans qualified under these requirements and paid off their loans.

Section 437(c)(2) of the Higher Education Act of 1965 and the Department's Closed School Regulation gave the Department the right to recover the amount of these loans from Defendant's school. 20 U.S.C. § 1087(c)(2); 34 C.F.R. § 685.214(e). On May 27, 2021, the Department informed Defendant of Defendant's responsibility to repay the amount the Department had discharged to the six students. When Defendant did not respond, the Department sent another notice on September 16, 2021. This second notice included the outstanding discharged amount and a warning that if Defendant did not pay, Defendant would be charged interest at an annual rate of 1% and a penalty at an annual rate of 6% of the principal balance. On November 23, 2021, the balance became 180 days delinquent, and the Department referred its collection to the U.S. Treasury Department ("U.S. Treasury") under 31 C.F.R. § 285.12(g) (the "U.S. Treasury's Debt-Transfer Regulation"). 31 C.F.R. § 285.12(g).

Plaintiff alleges that Defendant owes Plaintiff an outstanding principal balance of $49,872.00 and administrative fees of $20,895.53 as provided for by the Debt Collection Improvement Act of 1996, the U.S. Treasury's Debt-Transfer Regulation, and the Department of Justice's Working Capital Fund. 31 U.S.C. §§ 3711(g)(6), (7); 31 C.F.R. § 285.12(j); 31 C.F.R. § 901.1(f); 28 U.S.C. § 527. In addition, Plaintiff alleges debts of interest and penalties accrued to

date under the federal interest and penalties on claims statute, at rates of 1% annually or $1.37 per day and 6% annually or $8.20 per day. 31 U.S.C. §§ 3717(a)(1), (e).

On July 15, 2026, Plaintiff successfully served Defendant with the summons and complaint.[2] Defendant never filed an answer or otherwise responded to Plaintiff's Complaint. On August 6, 2026, Plaintiff filed a Request for Clerk's Entry of Default,[3] and the Clerk entered Default on August 6, 2026.[4] On August 18, 2026, Plaintiff filed a Motion for Default Judgment under Federal Rule of Civil Procedure 55.[5] The Motion is ripe for the Court's review.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and subsequent default judgments. The Court's entry of default judgment entails three prerequisites. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the defendant must default by failing to plead or otherwise respond to the complaint within the time required by the Federal Rules. *Id.* Next, the Clerk must enter default when the plaintiff establishes default by affidavit or otherwise. *Id.*; *see also* FED. R. CIV. P. 55(a). Last, the plaintiff must ask the Court for entry of a default judgment. *N.Y. Life Ins.*, 84 F.3d at 141; *see also* FED. R. CIV. P. 55(b)(2).

A court has broad discretion to enter a default judgment, but it is considered "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). It is

---

[2] Summons, ECF No. 5.
[3] Pl.'s Req. for Clerk's Entry of Default, ECF No. 6.
[4] Clerk's Entry of Default, ECF No. 7.
[5] Mot. for Default J., ECF No. 9.

reserved for instances "when the adversary process has been halted because of an essentially unresponsive party." *Id.*

In deciding whether to grant a default judgment, the Court must decide three questions. First, the Court considers whether entry of default judgment is procedurally appropriate by weighing a list of six factors: (1) whether there are disputed material issues of fact; (2) whether a good-faith mistake or excusable neglect caused the default; (3) whether there has been substantial prejudice; (4) the harshness of a default judgment; (5) whether the grounds for a default judgment are clearly established; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Second, the Court assesses the merits of the plaintiff's claims and the sufficiency of the complaint. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). At the default-judgment stage, the well-pleaded factual allegations "need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[D]etailed factual allegations are not required." *Id.* (alteration in original) (quotation marks and citation omitted). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu*, 515 F.2d at 1206.

Third, the Court resolves any remaining issues regarding the amount of damages, if any, and other requested relief. *Vela v. M&G USA Corp.*, No. 17-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The Plaintiff must submit an affidavit stating the amount the Defendant owes before

the Court may enter a final judgment for the total damages award. FED. R. CIV. P. 55(b)(1).

## III. ANALYSIS

### A. Entry of default judgment is procedurally appropriate.

Having weighed the six *Lindsey* factors, the Court grants default judgment. 161 F.3d at 893. First, due to Defendant's non-responsiveness to the instant lawsuit, no material issues of fact have been disputed. *Id.* Second, there is no evidence to suggest that Defendant's failure to defend this action arises from a good-faith mistake or excusable neglect. *Id.* Third, Defendant's failure to appear causes substantial prejudice to Plaintiff because it prevents Plaintiff from receiving expeditious relief. *See United States v. Fincanon*, No. 7:08-cv-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that defendant's failure to respond brought the adversary process to a halt and prejudiced plaintiff's interests). Fourth, Defendant was properly served, mitigating the harshness of a default judgment. *See Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020) (quoting *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.,* 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013)) (finding that "complete failure to respond" to a summons "'mitigat[es] the harshness of a default judgment'"); *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 WL 6212725, at *3 (E.D. Tex. Nov. 26, 2013) (holding the "dilatoriness and noncompliance [of failure to respond] establishes that any prejudice to the Defendant or harshness in entering default is clearly outweighed by the prejudice to the Plaintiff if the court fails to enter judgment in the Plaintiff's favor"). Fifth, the grounds for default judgment are clearly established. *See Lindsey*, 161 F.3d at 893. Sixth, and finally, although Defendant has not challenged default in

this case, the Court is presently unaware of any "good cause" to set aside the default if it is later attacked. *See id.* at 893 (citing FED. R. CIV. P. 55(c)).

### B. The pleadings establish a viable claim for relief.

Before a default judgment may be entered, the Court must assess the merits of Plaintiff's claim and the sufficiency of its complaint. Plaintiff establishes a viable claim for relief arising under Section 437(c)(2) of the Higher Education Act of 1965 and the Department's Closed School Regulation. 20 U.S.C. § 1087(c)(2); 34 C.F.R. § 685.214(e). Plaintiff properly alleges the U.S. Treasury's entitlement to a refund against Defendant for the six student loans that must be discharged. Plaintiff also establishes entitlement interest at an annual rate of 1% and a penalty at an annual rate of 6% on the outstanding balance, along with administrative fees of $20,895.53. 31 U.S.C. §§ 3717(a)(1), (e); 31 U.S.C. §§ 3711(g)(6), (7); 31 C.F.R. § 285.12(j); 31 C.F.R. § 901.1(f); 28 U.S.C. § 527. Finally, Plaintiff is entitled to post-judgment interest at the rate specified under the post-judgment interest statute. 28 U.S.C § 1961. Therefore, the Court finds that Plaintiff has presented facts sufficient to support an entry of default judgment.

### C. Plaintiff is entitled to the requested relief.

A default judgment is appropriate when default has been entered against a party because the party has failed to respond or otherwise defend against the complaint and the plaintiff's claim is for "a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). Here the Clerk of Court has entered default against Defendant.[6] Defendant is not a minor or incompetent person and Defendant did not appear. Based on the foregoing, Plaintiff requests that the Court enter a

---

[6] Clerk's Entry of Default, ECF No. 7.

default judgment against Defendant Arlington Medical Institute Inc. As such, the Court finds that default judgment is appropriate.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Defendant's Motion for Default Judgment (ECF No. 9) against Arlington Medical Institute Inc. Further, the Plaintiff is **ORDERED** to submit an affidavit as to the amount due before the Court enters a final judgment for the total damages award. FED. R. CIV. P. 55(b)(1).

All court costs are taxed against Defendant.

**SO ORDERED** on this **16th day** of **September, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE